AO 91 (Rev. 11/11)  Criminal Complaint (Rev. by USAO on 3/12/20)  ☐ Original  ☐ Duplicate Original



LODGED
CLERK, U.S. DISTRICT COURT
5/28/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ CDO _____ DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
5/28/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ VV _____ DEPUTY

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| United States of America<br><br>Plaintiff<br><br>v.<br><br>MARIO ALBERTO MORALES,<br>aka "Demon,"<br>Defendant. | Case No.    2:24-mj-03119-DUTY |

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of May 13, 2024, in the County of Los Angeles in the Central District of California, the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

_____
*/s/ Stephanie Crebbs, ATF Special Agent*
*Complainant's signature*

Stephanie Crebbs, ATF Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:        5/28/2024
_____

_____
*Judge's signature*

City and state:   Los Angeles, California

U.S. Magistrate Judge Margo A. Rocconi
*Printed name and title*

AUSA: Jason A. Gorn x7962

## AFFIDAVIT

I, Stephanie Crebbs, being duly sworn, declare and state as follows:

### I.  PURPOSE OF AFFIDAVIT

1.  This affidavit is made in support of criminal complaint and arrest warrant against Mario Alberto MORALES ("MORALES") for a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm.

2.  The facts set forth in this affidavit are based upon my personal observations; my training and experience; and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

### II. BACKGROUND OF ATF SPECIAL AGENT STEPHANIE CREBBS

3.  I am a sworn Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been so employed since February 2009.  I am currently assigned to the ATF Long Beach Field Office.  As a Special Agent, I have received hundreds of hours of formal and informal training in the enforcement of federal firearms laws and regulations, including training through the

ATF National Academy and Federal Law Enforcement Criminal Investigator Training Program.

4.   Through working for ATF, I have conducted investigations into the unlawful sale, possession, manufacturing, transportation, and importation of firearms.  In conducting these investigations, I have used a variety of investigative techniques, including surveillance and the execution of search and arrest warrants.  Additionally, I have worked in an undercover capacity for ATF on investigations related to individuals selling firearms and narcotics.

### III.  <u>SUMMARY OF PROBABLE CAUSE</u>

5.   On May 13, 2024, Los Angeles Sheriff's Department ("LASD") deputies observed MORALES attempt to retrieve or discard something in a parking lot after he appeared to notice the deputies on patrol.  Surveillance video showed MORALES take a black pistol from a pocket in his shorts and discard it inside of a vending machine in the parking lot.  Deputies recovered a firearm from the vending machine and arrested MORALES for possessing the loaded firearm.  During a <u>Mirandized</u> interview, MORALES admitted to possessing the firearm, but then later recanted.  MORALES is a convicted felon with six prior felony convictions, including a felony burglary conviction.

### IV. <u>STATEMENT OF PROBABLE CAUSE</u>

6.   Based on my review of law enforcement reports and documents, criminal history reports, photographs, as well as my own observations and knowledge of the investigation, I am aware of the following:

A.    **Arrest of MORALES**

7.    On May 13, 2024, at approximately 9:59 p.m., LASD Deputy Gary Bonilla and Deputy Ricard Mejia were on patrol in a marked police car conducting a patrol check of the "Dixie Motel" in Compton, CA.

8.    The deputies saw MORALES standing near the hood of a silver Nissan Versa. The Versa had no rear license plate. MORALES looked in the direction of the deputies and appeared to notice their presence. Upon noticing their presence, MORALES immediately walked away from the Versa and proceeded to walk northbound through the parking lot. As the deputies continued driving southbound, Deputy Mejia was able to keep MORALES in view by watching MORALES via the side passenger mirror of the patrol vehicle.

9.    Deputy Mejia saw MORALES walk to the northwest corner of the parking lot, bend over and discard an item near the ground.

10.   Deputy Mejia conducted a U-turn and drove northbound through the parking lot towards MORALES.  As the deputies approached MORALES, Deputy Mejia immediately recognized MORALES as an active gang member from Compton criminal street gang "Compton Varrio 70's," who goes by the moniker of "Demon" and/or "Blackie."  Deputy Mejia also knew that MORALES is on active probation with search conditions.  MORALES was detained pending a stolen vehicle investigation and a probation compliance investigation.

11. Deputy Bonilla conducted a probation compliance check of MORALES.  Tucked in his right sock, Deputy Bonilla located and recovered a plastic bindle with an off-white crystal-like substance.

12. Deputy Mejia conducted a search of the immediate area where MORALES was detained.  Inside of a vending machine in the area where Deputy Mejia had seen MORALES bend over and either distribute or discard an item, Deputy Mejia located and recovered a firearm.  The firearm is a semi-automatic, Taurus G2, 9mm pistol, serial number ACH125575.  The firearm was loaded with eight rounds of ammunition.

13. Deputy Mejia contacted the motel management who provided access to surveillance footage.  The surveillance footage showed MORALES standing next to the Versa, then start walking northbound through the parking lot immediately after appearing to notice the deputies.  MORALES looked in the general direction of the deputies before removing a black pistol from his front right shorts pocket and placing it inside of the vending machine.  The pistol is clearly visible on the surveillance footage.

**B.   MORALES's Statements**

14. Deputy Mejia read MORALES his <u>Miranda</u> Rights. MORALES stated he understood his rights and agreed to speak to the deputies without an attorney present.  Deputy Mejia informed MORALES that they obtained video evidence showing him place the firearm inside a vending machine.  MORALES told Deputy Mejia that he was carrying the firearm because he is a gang member and

4

needs to defend himself.  Upon further questioning, MORALES began to deny knowledge of the firearm but admitted to being in possession of the narcotics.

**C.   MORALES's Criminal History**

15.  On May 23, 2024, I reviewed a California Law Enforcement Telecommunications System ("CLETS") criminal history report and a Los Angeles County Consolidated Criminal History Report System ("CCHRS") criminal history report for MORALES. Based on a review of these reports, MORALES has previously been convicted of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

a.   On or about July 29, 2009, burglary, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, Case Number GA075307;

b.   On or about June 30, 2020, felon in possession of a firearm, in violation of California Penal Code Section 29800, in the Superior Court for the State of California, County of Los Angeles, Case Number TA148938;

c.   On or about August 26, 2021, vehicle theft, in violation of California Penal Code Section 10851(A), in the Superior Court for the State of California, County of Los Angeles, Case Number VA155937;

d.   On or about December 15, 2021, vehicle theft, in violation of California Penal Code Section 10851(A), in the Superior Court for the State of California, County of Los Angeles, Case Number VA157261;

e.   On or about July 26, 2022, bringing contraband into a jail, in violation of California Penal Code Section 4573(A), in the Superior Court for the State of California, County of Los Angeles, Case Number BA505356; and

f.   On or about April 16, 2024, felon in possession of a firearm, in violation of California Penal Code Section 29800, in the Superior Court for the State of California, County of Los Angeles, Case Number 23CMCF00085.

**D.   Interstate Nexus**

16.  On May 23, 2024, ATF Special Agent and Firearms and Ammunition Interstate Nexus Expert David Gonzalez confirmed that the Taurus G2, 9mm pistol, serial number ACH125575, was manufactured outside the state of California.  Because the firearm was found in Compton, California, I believe that it has traveled in and affected interstate commerce.

**V.  <u>CONCLUSION</u>**

17.  For all of the reasons described above, there is probable cause to believe that MORALES committed a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this __28__ day of May,
2024.

_____
HONORABLE MARGO A. ROCCONI
UNITED STATES MAGISTRATE JUDGE

6